IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DIANE LILLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:15cv194-WKW |
| | ) | [WO] |
| U.S. BANK, N.A., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this action, the *pro se* plaintiff, Diane Lilly ("Lilly"), alleges that the defendants are acting improperly and without authority to collect a debt and deprive her of her property. Now pending before the court is the plaintiff's request for a preliminary injunction. Because she is "concerned that the defendants will attempt to remove her" from her home, she seeks to enjoin the defendants from threatening to evict her. Upon review, the court concludes that, at this juncture, the motion for preliminary injunction is due to be denied.

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court. . . ." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).

> A district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

*Klay v. United Healthgroup, Inc.,* 376 F.3d 1092, 1097 (11th Cir. 2004) *quoting Siegel v.*

*LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (per curiam).

A preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion as to *all* prerequisites. *United States v. Jefferson County*, 720 F.2d 1511 (11th Cir. 1983) (emphasis added); *All Care Nursing Service, Inc. v. Bethesda Mem'l Hosp. Inc*., 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A*., 518 F.2d 175, 179 (5th Cir. 1975)[1] (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).

The requesting party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of its ability to establish any of the other elements. *See Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994). Here, the court readily concludes that the plaintiff has failed to demonstrate a "substantial likelihood of success on the merits of her claims." The plaintiff seeks to enjoin action that has not yet occurred. She fails to argue or demonstrate that she will likely succeed on the merits because, at this point, her injuries are merely speculative. *Id.*; *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). It is not sufficient for the plaintiff to merely assert that she is entitled to a preliminary

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

injunction. She must do more than simply recite statutes and legal jargon. This she has failed to do. Consequently, the court concludes that issuing a preliminary injunction is not warranted.

## V.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the plaintiff's motion for a preliminary injunction (doc. # 1) be DENIED, and that the plaintiff's remaining claims REFERRED back to the Magistrate Judge for further proceedings.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **May 20, 2015.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 6th day of May, 2015.

                                                /s/Charles S. Coody
                                      CHARLES S. COODY
                                      UNITED STATES MAGISTRATE JUDGE