IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DIANE LILLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 3:15-CV-194-WKW |
| | ) | (WO) |
| U.S. BANK, N.A., *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE AND ORDER**

Before the court is the motion to compel arbitration (Doc. 8) filed by Defendants U.S. Bank, N.A., and Green Tree Servicing LLC. Having considered the motion, the court concludes that the motion is due to be granted.

## I. Standard of Review

Pursuant to the Federal Arbitration Act ("FAA"), "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy . . . arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Under the FFA, "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement" may petition the court "for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.

"In considering whether respondent's agreement to arbitrate is unenforceable," the court is "mindful of the FAA's purpose 'to reverse the longstanding judicial hostility to

arbitration agreements . . . and to place arbitration agreements on the same footing as other contracts.'" *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 89 (2000) (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991)). However, the FAA also "declare[s] a national policy favoring arbitration" *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984) (holding that). Thus, "as with any contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability." *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626 (1985). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

"Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." *AT&T Techs., Inc. v.. Commc'ns Workers of Amer.*, 475 U.S. 643, 649 (1986). Generally, "[w]hen deciding whether the parties agreed to arbitrate a certain matter" the court is to "apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). If, after hearing the parties on the matter, the court is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue," the court shall direct the parties "to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4.

## II. Facts and Procedural History

On December 30, 1997, Diane Lilly and Delia M. Brooks signed a security agreement for the sale and financing of a mobile home purchased for $76,278.25 from Dynasty Housing, Inc, in Opelika, Alabama. (Doc. 8-1 p. 4). In the same security agreement, Dynasty Homes assigned its rights under the contract to Green Tree Financial Corp. – Alabama. (Doc. 8-1 pp. 4, 6). The contract contained the following language:

> 1. DEFINITIONS: "I," "me," "my" means the Buyer(s). "You," "your" means the Seller and also the Assignee or their affiliates (after the contract is assigned by the Seller). . . .
>
> 14. ARBITRATION: ALL DISPUTES, CLAIMS OR CONTROVERSIES ARISING FROM OR RELATING TO THIS CONTRACT OR THE PARTIES THERETO SHALL BE RESOLVED BY BINDING ARBITRATION BY ONE ARBITRATOR SELECTED BY YOU WITH MY CONSENT. THIS AGREEMENT IS MADE PURSUANT TO A TRANSACTION IN INTERSTATE COMMERCE AND SHALL BE GOVERNED BY THE FEDERAL ARBITRATION ACT AT 9 U.S.C. SECTION 1. JUDGMENT UPON THE AWARD RENDERED MAY BE ENTERED IN ANY COURT HAVING JURISDICTION. THE PARTIES AGREE AND UNDERSTAND THAT THEY CHOOSE ARBITRATION INSTEAD OF LITIGATION TO RESOLVE DISPUTES. THE PARTIES UNDERSTAND THAT THEY HAVE A RIGHT TO LITIGATE DISPUTES IN COURT, BUT THAT THEY PREFER TO RESOLVE THEIR DISPUTES THROUGH ARBITRATION, EXCEPT AS PROVIDED HEREIN. THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY YOU (AS PROVIDED HEREIN). THE PARTIES AGREE AND UNDERSTAND THAT ALL DISPUTES ARISING UNDER CASE LAW, STATUTORY LAW, AND ALL OTHER LAWS INCLUDING, BUT NOT LIMITED TO, ALL CONTRACT, TORT AND PROPERTY DISPUTES WILL BE SUBJECT TO BINDING ARBITRATION IN ACCORD WITH THIS CONTRACT. THE PARTIES AGREE THAT THE ARBITRATOR SHALL HAVE ALL POWERS PROVIDED BY LAW, THE

> CONTRACT, AND THE AGREEMENT OF THE PARTIES. THESE POWERS SHALL INCLUDE ALL LEGAL AND EQUITABLE REMEDIES INCLUDING, BUT NOT LIMITED TO, MONEY DAMAGES, DECLARATORY RELIEF AND INJUNCTIVE RELIEF. NOTWITHSTANDING ANYTHING HEREUNTO THE CONTRARY, YOU RETAIN AN OPTION TO USE JUDICIAL (FILING A LAWSUIT) OR NONJUDICIAL RELIEF TO ENFORCE THE MONETARY OBLIGATION SECURED BY THE MANUFACTURED HOME OR TO FORECLOSE ON THE MANUFACTURED HOME. THE INSTITUTION AND MAINTENANCE OF ANY LAWSUIT TO FORECLOSE UPON ANY COLLATERAL, TO OBTAIN A MONETARY JUDGMENT OR TO ENFORCE THE SECURITY AGREEMENT SHALL NOT CONSTITUTE A WAIVER OF THE RIGHT OF ANY PARTY TO COMPEL ARBITRATION REGARDING ANY OTHER DISPUTE OR REMEDY SUBJECT TO ARBITRATION IN THIS CONTRACT, INCLUDING THE FILING OF A COUNTERCLAIM IN A SUIT BROUGHT BY YOU PURSUANT TO THIS PROVISION.
>
> 15. WAIVER OF JURY TRIAL: I HEREBY WAIVE ANY RIGHT TO A TRIAL BY JURY THAT I HAVE IN ANY SUCH SUBSEQUENT LITIGATION BETWEEN ME AND THE SELLER, OR ME AND ANY ASSIGNEE OF THE SELLER, WHERE SUCH LITIGATION ARISES OUT OF, IS RELATED TO, OR IS IN CONNECTION WITH ANY PROVISION OF THIS CONTRACT WHETHER THE CONTRACT IS ASSERTED AS THE BASIS FOR A CLAIM, COUNTERCLAIM OR CROSSCLAIM, OR A DEFENSE TO A CLAIM, COUNTERCLAIM OR CROSSCLAIM.
>
> . . . .
>
> MY SIGNATURE BELOW ACKNOWLEDGES I UNDERSTAND PARAGRAPHS 14 AND 15 ABOVE REQUIRE BINDING ARBITRATION AND WAIVE MY RIGHT TO A JURY TRIAL IF A DISPUTE ARISES UNDER THIS CONTRACT.

(Doc. 8-1 pp. 5-6 (sic)).

Also on December 30, 1997, Lilly and Brooks executed a mortgage granting Dynasty Housing, Inc., a security interest in the mobile home and a mobile home lot in the amount of

$83,706.07. (Doc. 8-1 p. 13). Dynasty Housing assigned its interest in the mortgage to Green Tree Servicing Financial Corp. – Alabama. (Doc. 8-1 p. 20).

Over the years, Green Tree Financial Corp. – Alabama became Green Tree Servicing, Alabama, LLC ("Green Tree"). (Doc. 8-1). On December 12, 2014, the mobile home was foreclosed upon. (Doc. 8-1 p. 2 ¶ 6). At that time, as a result of assignments of the security agreement and mortgage executed in October 2014, Green Tree was the loan servicer and U.S. Bank, N.A., ("U.S. Bank"), as Trustee for the Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1997-6, was the beneficial owner/assignee of the Green Tree's rights under the security agreement and mortgage. (Doc. 8-1 p. 2 ¶ 6; Doc. 8-1 pp. 7-8, 29, 31).

On March 26, 2015, Lilly filed a *pro se* complaint in this court against Green Tree and U.S. Bank alleging that the Defendants committed various acts in violation of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, including foreclosing via a nonjudicial foreclosure sale, making false and misleading statements about the loan, and failing to respond in accordance with the law regarding Lilly's notice that she disputed the debt. (Doc. 1). Lilly also asserted claims for an accounting, for intentional infliction of emotional distress, and for injunctive relief. (Doc. 1).

On April 22, 2015, the Defendants moved to compel arbitration pursuant to the arbitration agreement in the December 30, 1997 security agreement (Doc. 8). The court entered an order directing the opposing party to show cause, on or before May 14, 2015, why

this court should not grant the motion to compel arbitration. (Doc. 12). To date, Lilly has filed nothing in opposition to the motion.

## III. Discussion

"A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy . . . arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The court is satisfied that the written arbitration contract at issue "involves commerce." Therefore, the court concludes that contract is valid and must be enforced in this case so long as this dispute falls within the scope of the arbitration agreement.

The arbitration agreement at issue in this case specifically states that "all disputes, claims, or controversies arising from or relating to" the December 30, 1997 security agreement "or the parties thereto shall be resolved by binding arbitration" and that "the parties agree and understand that all disputes arising under case law, statutory law, and all other laws including, but not limited to, all contract, tort, and property disputes, will be subject to binding arbitration in accord with this contract." (Doc. 8-1 pp. 5-6). Because Lilly's complaint involves a dispute over the debt created by the December 30, 1997 security agreement, there can be no question the dispute "arises from and relates to" that agreement. Further, the court notes that the entity that is now Green Tree was a party to the arbitration agreement (Doc. 8-1 pp. 5-6 (sic) (defining "you" and "your" as including "the assignee"

(Green Tree Financial Corp. – Alabama) and its affiliates). Accordingly, this is a "dispute . . . arising from or relating to [the December 30, 1997] contract" and it is also a "dispute . . . relating to . . . the parties thereto." (Doc. 8-1 p. 5 ¶ 14). Therefore, under the express terms of the arbitration contract, this dispute "shall be resolved by binding arbitration." (Doc. 8-1 p. 5 ¶ 14).

The court notes that U.S. Bank was not a party to the original arbitration agreement. However, a nonsignatory to an arbitration agreement may enforce the agreement if the relevant state law allows the nonparty to enforce the agreement. *Lawson v. Life of the South Ins. Co.*, 648 F.3d 1166, 1170 (11th Cir. 2011) (citing *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 632 (2009). U.S. Bank is the assignee of the December 30, 1997 security agreement. (Doc. 8-1 pp. 7-8). Under Alabama law, "[g]enerally, an assignee steps into the shoes of an assignor who was the signatory of an arbitration provision, thus allowing the assignee to enforce that arbitration provision." *Green Tree-AL LLC v. White*, 55 So.3d 1186, 1191 (Ala. 2010).

Moreover, under Alabama law, equitable estoppel allows a nonsignatory to enforce an arbitration agreement where, as here, "(1) the scope of the arbitration agreement signed by the party resisting arbitration [is] broad enough to encompass those claims made by that party against nonsignatories, or that those claims be 'intimately founded in and intertwined with' the claims made by the party resisting arbitration against an entity that is a party to the contract, and (2) . . . the description of the parties subject to the arbitration agreement [is not]

so restrictive as to preclude arbitration by the party seeking it." *Ex parte Stamey*, 776 So. 2d 85, 89 (Ala. 2000). Here, the arbitration agreement covers "any dispute related to" the contract and also disputes "relating to . . . the parties." It is apparent from a plain reading of the contract that the arbitration of "any dispute related to . . . the contract" does not expressly or necessarily require that such a dispute be only between the parties to the contract; otherwise, the provision for arbitration of disputes "related to . . . the contract" would be unnecessary and redundant, since the agreement *also* separately provides for arbitration of disputes "relating to . . . the parties" to the contract. *See Stamey*, 776 So.2d at 91 (holding that identical language in an arbitration agreement was sufficiently broad to encompass claims by a mobile home purchaser against nonsignatories to the contract). Moreover, Lilly's claims against U.S. Bank are "intimately founded in and intertwined with" her claims against Green Tree because she alleges conspiracy or agency between U.S. Bank and Green Tree with respect to the conduct that gives rise to each of her claims. *Lewis v. Oakley*, 847 So.2d 307, 328-29 (Ala. 2002). Finally, the arbitration agreement does not contain a description of the parties that would preclude enforcement of the arbitration agreement by third parties such as U.S. Bank. *See Stamey*, 776 So.2d at 91 (holding that equitable estoppel allowed a third party to enforce an identically-worded arbitration agreement). Accordingly, U.S. Bank is entitled to enforce the arbitration agreement.

## IV. Conclusion

Accordingly, it is the **RECOMMENDATION of the Magistrate Judge**

1. that the Defendants' motion compel arbitration (Doc. 8) be **granted** as to all of the Plaintiff's claims against both Defendants in this case; and

2. that this case be **dismissed**. It is further

**ORDERED** that the parties shall file any objections to the said Recommendation on or before **June 12, 2015.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B 1982); *see United States v. Schultz*, 565 F.3d 1353, 1362 n.4 (11th Cir. 2009) (discussing the continuing validity of *Nettles*); *see also Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982) (adopting as binding precedent 5th Circuit Unit B decisions); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 29th day of May, 2015.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE